UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIM EDWARD ROGERS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>PROGRESSIVE INSURANCE, et al.,<br><br>　　　　　Defendants. | No.  2:23-cv-0532 DJC DB PS<br><br><br>ORDER |

　　　　Plaintiff Kim Edward Rogers is proceeding in this action pro se.  This matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).  Pending before the court are plaintiff's motion to proceed in forma pauperis pursuant to 28 U.S.C. § 1915, motion for leave to amend, and amended complaint.[1]  (ECF Nos. 2, 5 & 6.)  The amended complaint alleges that the defendants discriminated against plaintiff based on plaintiff's race.

　　　　The court is required to screen complaints brought by parties proceeding in forma pauperis.  See 28 U.S.C. § 1915(e)(2); see also Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc).  Here, plaintiff's amended complaint is deficient.  Accordingly, for the reasons stated below, plaintiff's amended complaint will be dismissed with leave to amend.

////

---

[1] Plaintiff's motion for leave to amend will be granted and the undersigned will screen plaintiff's amended complaint.

1

I.       **Plaintiff's Application to Proceed In Forma Pauperis**

Plaintiff's in forma pauperis application makes the financial showing required by 28 U.S.C. § 1915(a)(1).  However, a determination that a plaintiff qualifies financially for in forma pauperis status does not complete the inquiry required by the statute.  "'A district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit.'" Minetti v. Port of Seattle, 152 F.3d 1113, 1115 (9th Cir. 1998) (quoting Tripati v. First Nat. Bank & Trust, 821 F.2d 1368, 1370 (9th Cir. 1987)); see also McGee v. Department of Child Support Services, 584 Fed. Appx. 638 (9th Cir. 2014) ("the district court did not abuse its discretion by denying McGee's request to proceed IFP because it appears from the face of the amended complaint that McGee's action is frivolous or without merit"); Smart v. Heinze, 347 F.2d 114, 116 (9th Cir. 1965) ("It is the duty of the District Court to examine any application for leave to proceed in forma pauperis to determine whether the proposed proceeding has merit and if it appears that the proceeding is without merit, the court is bound to deny a motion seeking leave to proceed in forma pauperis.").

Moreover, the court must dismiss an in forma pauperis case at any time if the allegation of poverty is found to be untrue or if it is determined that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.  See 28 U.S.C. § 1915(e)(2).  A complaint is legally frivolous when it lacks an arguable basis in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  Under this standard, a court must dismiss a complaint as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327; 28 U.S.C. § 1915(e).

To state a claim on which relief may be granted, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).  In considering whether a complaint states a cognizable claim, the court accepts as true the material allegations in the complaint and construes the allegations in the light most favorable to the plaintiff.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg. Co. v. Trustees of Rex Hosp., 425 U.S. 738, 740 (1976); Love v. United States, 915 F.2d 1242, 1245

(9th Cir. 1989).  Pro se pleadings are held to a less stringent standard than those drafted by lawyers.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.  Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

The minimum requirements for a civil complaint in federal court are as follows:

> A pleading which sets forth a claim for relief . . . shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . , (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

Fed. R. Civ. P. 8(a).

## II.  Plaintiff's Amended Complaint

According to the amended complaint, plaintiff was involved in a vehicle "collision while traveling on February 7, 2023." (Am. Compl. (ECF No. 6) at 3.)  The amended complaint alleges that defendants Progressive Insurance Claims and United Financial Casualty Company "have employed hardball tactics of stonewalling, low-balling, and fraudulently manipulating the claims evaluation process" as it relates to plaintiff's insurance claim. (Id. at 2.)  The amended complaint alleges these actions constituted "racial discrimination in violation of 42 U.S.C. § 1981 and 42 U.S.C. § 1985(3).  (Id. at 2-3.)

42 U.S.C. § 1981 provides, in relevant part, that "[a]ll persons . . . shall have the same right . . . to make and enforce contracts . . . as is enjoyed by white citizens."  Patterson v. McLean Credit Union, 491 U.S. 164, 176 (1989).  To state a claim pursuant to § 1981 a complaint must allege: (1) a plaintiff is a member of a racial minority; (2) the defendant had an intent to discriminate on the basis of race; and (3) the discrimination concerned one or more of the activities enumerated in the statute, i.e., the making and enforcing of a contract.  Morris v. Office Max, Inc., 89 F.3d 411, 413 (7th Cir. 1996).

42 U.S.C. § 1985(3) creates a cause of action against defendants in a conspiracy to interfere with an individual's civil rights.  To state a claim under § 1985(3), a complaint must allege: (1) a conspiracy, (2) to deprive any person or class of persons of the equal protection of the laws, (3) an act done by one of the conspirators in furtherance of the conspiracy, and (4) a

1  personal injury, property damage, or deprivation of any right or privilege of a citizen of the
2  United States. Gillispie v. Civiletti, 629 F.2d 637, 641 (9th Cir. 1980); Giffin v. Breckenridge,
3  403 U.S. 88, 102-03 (1971). § 1985 applies only where there is a racial or other class-based
4  discriminatory animus behind the conspirators' actions. Sever v. Alaska Pulp Corp., 978 F.2d
5  1529, 1536 (9th Cir. 1992). The Ninth Circuit has held that a claim under § 1985 must allege
6  specific facts to support the allegation that defendants conspired together. Karim-Panahi v. Los
7  Angeles Police Department, 839 F.2d 621, 626 (9th Cir. 1988). A mere allegation of conspiracy
8  without factual specificity is insufficient to state a claim under 42 U.S.C. § 1985. Id.; Sanchez v.
9  City of Santa Anna, 936 F.2d 1027, 1039 (9th Cir. 1991).

10  Here, the amended complaint contains no factual allegations in support of any claim.
11  Instead, the amended complaint simply alleges that the defendants "conspired . . . to deprive and
12  obstruct Plaintiff from obtaining a complete and non-encumbering settlement process." (Am.
13  Compl. (ECF No. 6) at 3.) Although the Federal Rules of Civil Procedure adopt a flexible
14  pleading policy, a complaint must give the defendant fair notice of the plaintiff's claims and must
15  allege facts that state the elements of each claim plainly and succinctly. Fed. R. Civ. P. 8(a)(2);
16  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). "A pleading that offers
17  'labels and conclusions' or 'a formulaic recitation of the elements of cause of action will not do.'
18  Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual
19  enhancements.'" Ashcroft v. Iqbal, 556 U.S.662, 678 (2009) (quoting Twombly, 550 U.S. at 555,
20  557). A plaintiff must allege with at least some degree of particularity overt acts which the
21  defendants engaged in that support the plaintiff's claims. Jones, 733 F.2d at 649.

22  **II.   Leave to Amend**

23  For the reasons stated above, plaintiff's amended complaint must be dismissed. The
24  undersigned has carefully considered whether plaintiff may further amend the complaint to state a
25  claim upon which relief can be granted. "Valid reasons for denying leave to amend include
26  undue delay, bad faith, prejudice, and futility." California Architectural Bldg. Prod. v. Franciscan
27  Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988); see also Klamath-Lake Pharm. Ass'n v. Klamath
28  ////

Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments).

However, when evaluating the failure to state a claim, the complaint of a pro se plaintiff may be dismissed "only where 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Franklin v. Murphy, 745 F.2d 1221, 1228 (9th Cir. 1984) (quoting Haines v. Kerner, 404 U.S. 519, 521 (1972)); see also Weilburg v. Shapiro, 488 F.3d 1202, 1205 (9th Cir. 2007) ("Dismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (quoting Schucker v. Rockwood, 846 F.2d 1202, 1203-04 (9th Cir. 1988)).

Here, the undersigned cannot yet say that it appears beyond doubt that further leave to amend would be futile. Plaintiff's amended complaint will therefore be dismissed, and plaintiff will be granted leave to file a second amended complaint. Plaintiff is cautioned, however, that if plaintiff elects to file a second amended complaint "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft, 556 U.S. at 678. "While legal conclusions can provide the complaint's framework, they must be supported by factual allegations." Id. at 679. Those facts must be sufficient to push the claims "across the line from conceivable to plausible[.]" Id. at 680 (quoting Twombly, 550 U.S. at 557).

Plaintiff is also reminded that the court cannot refer to a prior pleading in order to make an amended complaint complete. Local Rule 220 requires that any amended complaint be complete in itself without reference to prior pleadings. The second amended complaint will supersede the amended complaint just as the amended complaint superseded the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Thus, in a second amended complaint, just as if it were the initial complaint filed in the case, each defendant must be listed in the caption and identified in the body of the complaint, and each claim and the involvement of each defendant must be sufficiently alleged. Any amended complaint which plaintiff may elect to file must also include

concise but complete factual allegations describing the conduct and events which underlie plaintiff's claims.

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. The April 28, 2023 motion for leave to amend (ECF No. 5) is granted;

2. The amended complaint filed April 28, 2023 (ECF No. 6) is dismissed with leave to amend.

3. Within twenty-eight days from the date of this order, a second amended complaint shall be filed that cures the defects noted in this order and complies with the Federal Rules of Civil Procedure and the Local Rules of Practice.[2]  The second amended complaint must bear the case number assigned to this action and must be titled "Second Amended Complaint."

4. Failure to comply with this order in a timely manner may result in a recommendation that this action be dismissed.[3]

DATED: May 12, 2023                   /s/ DEBORAH BARNES
                                      UNITED STATES MAGISTRATE JUDGE

---

[2] Alternatively, if plaintiff no longer wishes to pursue this action plaintiff may file a notice of voluntary dismissal of this action pursuant to Rule 41 of the Federal Rules of Civil Procedure.

[3] Plaintiff need not file another application to proceed in forma pauperis at this time unless plaintiff's financial condition has improved since the last such application was submitted.