UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIM EDWARD ROGERS,<br><br>Plaintiff,<br><br>v.<br><br>PROGRESSIVE INSURANCE, et al.,<br><br>Defendants. | No.  2:23-cv-0532 DJC DB PS<br><br><br>ORDER AND<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff Kim Edward Rogers is proceeding in this action pro se.  This matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).  Pending before the court are plaintiff's motion to proceed in forma pauperis pursuant to 28 U.S.C. § 1915, motions for leave to amend, and proposed fourth amended complaint.[1]  (ECF Nos. 2, 5 & 6.)  The fourth amended complaint alleges that the defendants acted wrongfully by refusing to pay plaintiff's insurance claim.  (Fourth Am. Compl. (ECF No. 13) at 5[2].)

The court is required to screen complaints brought by parties proceeding in forma pauperis.  See 28 U.S.C. § 1915(e)(2); see also Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir.

---

[1] Plaintiff's motions for leave to amend will be granted and the undersigned will screen plaintiff's fourth amended complaint.

[2] Page number citations such as this are to the page number reflected on the court's CM/ECF system and not to the page numbers assigned by the parties.

1

1   2000) (en banc). Here, plaintiff's fourth amended complaint is deficient. Accordingly, for the

2   reasons stated below, the undersigned will recommend that plaintiff's fourth amended complaint

3   be dismissed without further leave to amend.

4   **I.     Plaintiff's Application to Proceed In Forma Pauperis**

5   Plaintiff's in forma pauperis application makes the financial showing required by 28

6   U.S.C. § 1915(a)(1). However, a determination that a plaintiff qualifies financially for in forma

7   pauperis status does not complete the inquiry required by the statute. "'A district court may deny

8   leave to proceed in forma pauperis at the outset if it appears from the face of the proposed

9   complaint that the action is frivolous or without merit.'" Minetti v. Port of Seattle, 152 F.3d

10  1113, 1115 (9th Cir. 1998) (quoting Tripati v. First Nat. Bank & Trust, 821 F.2d 1368, 1370 (9th

11  Cir. 1987)); see also McGee v. Department of Child Support Services, 584 Fed. Appx. 638 (9th

12  Cir. 2014) ("the district court did not abuse its discretion by denying McGee's request to proceed

13  IFP because it appears from the face of the amended complaint that McGee's action is frivolous

14  or without merit"); Smart v. Heinze, 347 F.2d 114, 116 (9th Cir. 1965) ("It is the duty of the

15  District Court to examine any application for leave to proceed in forma pauperis to determine

16  whether the proposed proceeding has merit and if it appears that the proceeding is without merit,

17  the court is bound to deny a motion seeking leave to proceed in forma pauperis.").

18  Moreover, the court must dismiss an in forma pauperis case at any time if the allegation of

19  poverty is found to be untrue or if it is determined that the action is frivolous or malicious, fails to

20  state a claim on which relief may be granted, or seeks monetary relief against an immune

21  defendant. See 28 U.S.C. § 1915(e)(2). A complaint is legally frivolous when it lacks an

22  arguable basis in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v.

23  Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). Under this standard, a court must dismiss a

24  complaint as frivolous where it is based on an indisputably meritless legal theory or where the

25  factual contentions are clearly baseless. Neitzke, 490 U.S. at 327; 28 U.S.C. § 1915(e).

26  To state a claim on which relief may be granted, the plaintiff must allege "enough facts to

27  state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544,

28  570 (2007). In considering whether a complaint states a cognizable claim, the court accepts as

1   true the material allegations in the complaint and construes the allegations in the light most

2   favorable to the plaintiff.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg. Co. v.

3   Trustees of Rex Hosp., 425 U.S. 738, 740 (1976); Love v. United States, 915 F.2d 1242, 1245

4   (9th Cir. 1989).  Pro se pleadings are held to a less stringent standard than those drafted by

5   lawyers.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, the court need not accept as true

6   conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.  Western

7   Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

8   The minimum requirements for a civil complaint in federal court are as follows:

> A pleading which sets forth a claim for relief . . . shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . , (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

12  Fed. R. Civ. P. 8(a).

13  **II.     Plaintiff's Fourth Amended Complaint**

14        Plaintiff's fourth amended complaint alleges that on February 7, 2023, plaintiff was

15  traveling on Florin Road in Sacramento, California when his vehicle was struck from behind by

16  "unknown John Doe." (Fourth Am. Compl. (ECF No. 13) at 8.)  Thereafter, defendants Farmers

17  Group, Inc., doing business as Farmers Underwriters Association, Farmers Insurance Exchange,

18  and Jalin Gordon, engaged in unlawful business practices by "not paying out benefits as they are

19  clearly required to do under California law."[3]  (Id. at 5.)   Review of plaintiff's fourth amended

20  complaint finds that it is deficient in at least two respects.

21        **A.     Jurisdiction**

22        Jurisdiction is a threshold inquiry that must precede the adjudication of any case before

23  the district court.  Morongo Band of Mission Indians v. Cal. State Bd. of Equalization, 858 F.2d

24  1376, 1380 (9th Cir. 1988).  Federal courts are courts of limited jurisdiction and may adjudicate

---

[3] According to the original complaint filed in this action Jalin Gordon is a Farmers Insurance Claim Representative. (Compl. (ECF No. 1) at 2.)  Attached to the fourth amended complaint is a letter from Jalin Gordon to plaintiff advising plaintiff that "Progressive has accepted responsibility for this loss" and, thus, "[s]ince the other party has valid insurance, any injury or property damage claim will be handled through their policy." (ECF No. 13 at 57.)

only those cases authorized by federal law. Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994); Willy v. Coastal Corp., 503 U.S. 131, 136-37 (1992). "Federal courts are presumed to lack jurisdiction, 'unless the contrary appears affirmatively from the record.'" Casey v. Lewis, 4 F.3d 1516, 1519 (9th Cir. 1993) (quoting Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 546 (1986)).

Lack of subject matter jurisdiction may be raised by the court at any time during the proceedings. Attorneys Trust v. Videotape Computer Prods., Inc., 93 F.3d 593, 594-95 (9th Cir. 1996). A federal court "ha[s] an independent obligation to address sua sponte whether [it] has subject-matter jurisdiction." Dittman v. California, 191 F.3d 1020, 1025 (9th Cir. 1999). It is the obligation of the district court "to be alert to jurisdictional requirements." Grupo Dataflux v. Atlas Global Group, L.P., 541 U.S. 567, 593 (2004). Without jurisdiction, the district court cannot decide the merits of a case or order any relief. See Morongo, 858 F.2d at 1380.

The basic federal jurisdiction statutes are 28 U.S.C. §§ 1331 and 1332, which confer "federal question" and "diversity" jurisdiction, respectively. Federal jurisdiction may also be conferred by federal statutes regulating specific subject matter. "[T]he existence of federal jurisdiction depends solely on the plaintiff's claims for relief and not on anticipated defenses to those claims." ARCO Envtl. Remediation, LLC v. Dep't of Health & Envtl. Quality, 213 F.3d 1108, 1113 (9th Cir. 2000).

Here, the fourth amended complaint states that this "is an action for Unfair Business Practices" pursuant to California law. (Fourth Am. Compl. (ECF No. 13) at 3.) Such a claim "does not raise a substantial federal question." Avenius v. Banc of America Securities LLC, No. C06-04458 MJJ, 2006 WL 4008711, at *6 (N.D. Cal. Dec. 30, 2006).

The fourth amended complaint does assert a vague and conclusory allegation that the defendants violated plaintiff's "statutory rights under the United States . . . Constitution[]." (Fourth Am. Compl. (ECF No. 13) at 10.) However, a litigant who complains of a violation of a constitutional right does not have a cause of action directly under the United States Constitution. Livadas v. Bradshaw, 512 U.S. 107, 132 (1994) (affirming that it is 42 U.S.C. § 1983 that provides a federal cause of action for the deprivation of rights secured by the United States

4

Constitution); Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 617 (1979) (explaining that 42 U.S.C. § 1983 was enacted to create a private cause of action for violations of the United States Constitution); Azul-Pacifico, Inc. v. City of Los Angeles, 973 F.2d 704, 705 (9th Cir. 1992) ("Plaintiff has no cause of action directly under the United States Constitution.").

42 U.S.C. § 1983 provides that,

> [e]very person who, under color of [state law] ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

The allegations found in the complaint, however, fail to allege that any defendant acted under the color of state law. Instead, it appears that the defendants are private companies and a private individual. "'§ 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrong.'" Sutton v. Providence St. Joseph Medical Center, 192 F.3d 826, 835 (9th Cir. 1999) (quoting American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, (1999)).

District courts have diversity jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and the action is between: "(1) citizens of different States; (2) citizens of a State and citizens or subjects of a foreign state; (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and (4) a foreign state . . . as plaintiff and citizens of a State or of different States." 28 U.S.C. § 1332. "To demonstrate citizenship for diversity purposes a party must (a) be a citizen of the United States, and (b) be domiciled in a state of the United States." Lew v. Moss, 797 F.2d 747, 749 (9th Cir. 1986). "Diversity jurisdiction requires complete diversity between the parties-each defendant must be a citizen of a different state from each plaintiff." In re Digimarc Corp. Derivative Litigation, 549 F.3d 1223, 1234 (9th Cir. 2008).

Here, the fourth amended complaint does not allege the citizenship of each party. "Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties." Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). Moreover, "[t]he amount in controversy alleged by the proponent of federal jurisdiction-typically the plaintiff in the substantive dispute—controls so long as the

1    claim is made in good faith." Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka,
2    599 F.3d 1102, 1106 (9th Cir. 2010).  Here, the fourth amended complaint does not allege an
3    amount in controversy.

### B. Failure to State a Claim

The fourth amended complaint contains no factual allegations related to the conduct of any named defendant.  Instead, it consists entirely of vague and conclusory allegations such as that the defendants' conduct "has been and continues to be unfair, unlawful and harmful . . . actual malice and tortious actions of fraud, breach of the insurance contract, false advertising, negligent misrepresentation by claims adjustor(s) and engaging in unlawful business practices[.]"  (Fourth Am. Compl. (ECF No. 13) at 3.)  That the defendants "have engaged in unfair, deceptive, untrue and/or misleading advertising by promising timely coverage . . when it had no intention of paying any true value[.]"  (Id. at 5.)  And that this "is part of a larger pattern of fraud, trickery and deceit and justifies punitive damages."  (Id. at 6.)  There are, however, no factual allegations related to any named defendant.

Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a complaint must give the defendant fair notice of the plaintiff's claims and must allege facts that state the elements of each claim plainly and succinctly.  Fed. R. Civ. P. 8(a)(2); Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of cause of action will not do.'  Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancements.'" Ashcroft v. Iqbal, 556 U.S.662, 678 (2009) (quoting Twombly, 550 U.S. at 555, 557).  A plaintiff must allege with at least some degree of particularity overt acts which the defendants engaged in that support the plaintiff's claims.  Jones, 733 F.2d at 649.

### II. Further Leave to Amend

For the reasons stated above, plaintiff's fourth amended complaint should be dismissed.  The undersigned has carefully considered whether plaintiff may further amend the complaint to state a claim upon which relief can be granted.  "Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility." California Architectural Bldg. Prod. v.

6

Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988); see also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments).

Here, plaintiff's original complaint suffered from essentially the same defects found in the fourth amended complaint. Despite being given an opportunity to amend plaintiff has been unable to cure these defects. Therefore, the undersigned finds that granting plaintiff further leave to amend would be futile.

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's July 12, 2023 motion to amend (ECF No. 11) is granted; and

2. Plaintiff's November 9, 2023 motion to amend (ECF No. 14) is granted.

Also, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's November 9, 2023 fourth amended complaint (ECF No. 13) be dismissed without further leave to amend;

2. Plaintiff's March 21, 2023 application to proceed in forma pauperis (ECF No. 2) be denied; and

3. This action be closed.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court. A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: November 27, 2023

DLB:6
DB/orders/orders.pro se/rogers0532.dism.f&rs

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

7